**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elizabeth Rosson, | No. CV-22-01284-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Solomon David Rosson's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff Elizabeth Rosson, the Applicant's mother, filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial. In her Opening Brief, Plaintiff explains that the Applicant passed away around August 31, 2021, and she was substituted as the party entitled to bring the Applicant's claim.[1] The Court now addresses Plaintiff's Opening Brief (Doc. 11, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 14, Def. Br.), and Plaintiff's Reply (Doc. 18, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 10, R.) and now affirms the Administrative Law Judge's (ALJ) decision (R. at 27–45) as upheld by the Appeals Council (R. at 1–5).

---

[1] The record contains no statement of the cause of death or its relationship to the Applicant's impairments or his application for disability insurance benefits, and the Court does not consider the fact of the Applicant's death in resolving this matter.

## I. BACKGROUND

The Applicant filed an Application for Disability Insurance Benefits on July 22, 2019, for a period of disability beginning on February 26, 2019. (R. at 27.) His claim was denied initially on April 13, 2020, and upon reconsideration on August 6, 2020. (R. at 27.) On September 18, 2020, the Applicant appeared telephonically before the ALJ for a hearing regarding his claim. (R. at 54.) On June 2, 2021, the ALJ denied the Applicant's claim. (R. at 27–45.) On June 6, 2022, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–5.)

In the Decision, the ALJ found the Applicant had the severe impairments of lumbar and cervical degenerative joint disease, post-concussion syndrome, occipital neuralgia, and obesity. (R. at 30.) The ALJ evaluated the medical evidence and testimony and ultimately concluded that the Applicant was not disabled. (R. at 45.) In so doing, the ALJ determined that the Applicant did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 33.) The ALJ found that the Applicant had the Residual Functional Capacity (RFC) to perform light or sedentary work. (R. at 43.) Based on the RFC formulation and the testimony of the Vocational Expert (VE) at the hearing, the ALJ found that the Applicant could perform his past work as a security guard as well as other jobs that exist in significant numbers in the national economy such that the Applicant was not under a disability as defined in the Social Security Act. (R. at 43–45.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.

*Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises the following arguments for the Court's consideration: (1) the ALJ's reasons for discounting the medical opinions of the Applicant's treating and examining

providers were not supported by substantial evidence in the record; (2) the ALJ rejected the Applicant's testimony without clear and convincing reasons; (3) the ALJ rejected lay witness testimony without specific, germane reasons; and (4) the hypotheticals presented to the VE were incomplete. (Pl. Br. at 2.) The Court now examines these in turn.

### A.   Medical Opinions

Plaintiff contends that the ALJ gave insufficient reasons for discounting the opinions of Drs. Sheba Shah, a pain management specialist, and Dr. Kareem Shaarawy, a neurologist, who treated the Applicant. (Pl. Br. at 7–15.)

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting a treating or examining doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Here, the ALJ laid out specific reasons supported by detailed citations to the medical record to find Dr. Shah's May 2020 "Physical Capacities Evaluation" to be "less persuasive" and only "partially persuasive." (R. at 32, 39–40.) The ALJ found Dr. Shah's conclusions that the Applicant "could sit for 120 minutes, stand for 120 minutes, and walk for 120 minutes in a four-to-six-hour workday" and "would be absent about three days per month" due to pain were inconsistent with the medical treatment notes, citing a myriad of treatment records in which Dr. Shah did not observe the Applicant was suffering severe or chronic pain. (R. at 39–40, 2227–29.) In her brief, Plaintiff argues that the ALJ cherry-picked records supporting her conclusion—a position bolstered by Dr. Shah's letter in reaction to the ALJ's Decision in which Dr. Shah states she noted "motor strength limited by pain" in "SEVERAL" of the Applicant's visits to her. But, as the ALJ pointed out, more often than not, the treatment notes did not support the limitations proffered by Dr. Shah. The ALJ carefully considered the treatment notes as a whole, and the Court will not substitute its judgment for that of the ALJ in such an instance. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." (internal citation omitted)).

Dr. Shaarawy treated the Applicant for post-concussion syndrome and cervicalgia, and he provided a number of functional evaluations of the Applicant that the ALJ considered in detail. (R. at 38–39, 1597–1720.) The ALJ found Dr. Shaarawy's June 2019 evaluation "partially persuasive" that the Applicant had numerous physical limitations—to avoid repetitive twisting, stooping, bending, and awkward positions—and that the Applicant could work four to six hours a day. (R. at 38.) The ALJ noted that this opinion came just four months after the motor vehicle accident causing the Applicant's concussion and that later treatment notes showed the Applicant was less limited than Dr. Shaarawy initially assessed. (R. at 38–39.)

Indeed, in August and September 2019, Dr. Shaarawy found the Applicant had a mostly normal range of motion and grossly intact cranial nerves, while still limited

physically in certain movements, as previously assessed. (R. at 38.) The ALJ found these assessments to be persuasive. (R. at 38.)

In July 2020, Dr. Shaarawy opined that the Applicant had no physical work-related limitations—a conclusion the ALJ found "less persuasive" because the medical evidence showed the Applicant was more limited than Dr. Shaarawy indicated. (R. at 39.) At the same time, Dr. Shaarawy opined without further elaboration that the Applicant would be absent for about two days a month. (R. at 39.) The ALJ found that conclusion inconsistent with Dr. Shaarawy's other opinions and unsupported by the treatment notes and other objective medical evidence. (R. at 39.) Principally, Plaintiff takes issue with the ALJ's decision not to incorporate the two-day-per-month absenteeism into the Applicant's RFC. (Pl. Br. at 14.) But, in citing specific portions of the medical record, the ALJ identified cogent reasons supported by substantial evidence to discount Dr. Shaarawy's last assessment, including the absenteeism assessment.

The ALJ credited other opinions in the extensive medical record of this case and provided reasons supported by substantial evidence for doing so. For example, the ALJ found the opinion of Dr. Mack Stephenson to be persuasive as to the Applicant's mental status and noted that, although the Applicant showed impairment in cognitive function in July 2019 testing, the Applicant also performed poorly in performance validity testing, calling the results into question. (R. at 31.)

As for Plaintiff's argument that the ALJ formulated the Applicant's RFC—and therefore the hypotheticals to the VE—improperly, the Court finds, as noted *supra*, that the ALJ provided specific reasons supported by substantial medical evidence to identify the Applicant's limitations and formulate the RFC. A claimant's RFC is "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). When formulating the claimant's RFC, the ALJ will consider the "limiting effects of all [the claimant's] impairments, including those that are not severe." *Id.* § 404.1545(e). Because the ALJ properly considered all the Applicant's limitations in determining his RFC, the hypotheticals she posed to the VE were also "supported by substantial evidence in the

record and reflecting all the claimant's limitations." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). The ALJ thus did not err.

### B.     Symptom Testimony

In his testimony before the ALJ (R. at 56–97), the Applicant stated among other things that he could not lift, sit, stand, or walk on a sustained and reliable basis and that he could not predict when he would get a headache. Plaintiff now argues that the ALJ failed to provide clear and convincing reasons for discounting the Applicant's subjective testimony. (Pl. Br. at 15–18.)

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

Among his reasons for discounting portions of the Applicant's symptom testimony while incorporating others into the formulation of the Applicant's RFC, the ALJ observed that the Applicant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 36.) Specifically, the ALJ cited medical reports addressing degenerative changes in the Applicant's spine that supported mild symptoms and mild impacts on the Applicant's ability to move. (R. at 37.) Although Plaintiff takes issue with

the ALJ's discussion of the inconsistency between the Applicant's reports of symptoms and his activities of daily life (Pl. Br. at 17), many of the activities the ALJ identifies are work-related tasks, such as walking, performing chores, and engaging in activities of sustained attention. (R. at 37–38.) Moreover, the ALJ noted the improvement in the Applicant's condition with treatment as time passed after the motor vehicle accident causing his concussion, even if the ALJ found the Applicant's treating physician, Dr. Shaarawy, may have gone too far in characterizing the Applicant's physical improvement. (R. at 38–39.)

In sum, the Court finds the ALJ's reasons for discounting—but not ignoring—the Applicant's symptom testimony were specific, clear, and sufficiently convincing for the Court not to disturb the ALJ's conclusions. *See Batson*, 359 F.3d at 1196.

### C.     Lay Witness Testimony

Finally, Plaintiff challenges the ALJ's assessment of the lay witness testimony. "In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). If an ALJ disregards the testimony of a lay witness, the ALJ must provide reasons "that are germane to each witness." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Further, the reasons "germane to each witness" must be specific. *Stout*, 454 F.3d at 1054. Plaintiff contends that the ALJ improperly rejected the lay opinions of the Applicant's friends and family members. (Pl. Br. at 18–20.)

The ALJ considered the lay opinions of the Applicant's friends and family members together with the Applicant's own testimony, because they mirrored one another. (R. at 35.) Because the lay opinions were the same as the Applicant's testimony, the ALJ discounted them for the same reasons. And because the Court found those reasons sufficiently specific, clear, and convincing to discount the Applicant's testimony, the ALJ's reasons for discounting the lay witness testimony were equally valid.

In the absence of finding material error on the part of the ALJ, the Court must affirm the ALJ's decision.

1    **IT IS THEREFORE ORDERED** affirming the June 2, 2021 decision of the ALJ (R. at 27–45), as affirmed by the Appeals Council (R. at 1–5).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 29th day of March, 2024.

Honorable John J. Tuchi
United States District Judge